SPECTOR LAW, PLLC
1646 NORTH STONE AVENUE
TUCSON, ARIZONA 85705
520-882-5286

By: Charles L. Spector, Esq.

Arizona State Bar No. 033291

Attorney for: Arnold Julian Martinez

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Arnold Julian Martinez,<br><br>        Defendant. | 4:24-CR-01980-SHR-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

      COMES NOW undersigned counsel, Charles L. Spector Esq., on behalf of the Defendant, Arnold Julian Martinez, who hereby submits this sentencing memorandum for the Court's review and consideration with regard to Mr. Martinez's sentencing hearing scheduled for November 4, 2024.

      Correspondence directed to the Court was separately provided to the Court for its consideration in conjunction with this memorandum. This correspondence consists of correspondence from Mr. Martinez and his support system within the local community.

      RESPECFULLY SUBMITTED this 28th day of October, 2024

                                SPECTOR LAW PLLC

                                */S/ Charles L. Spector*
                                Charles L. Spector, Esq.

## MEMORANDUM OF POINTS AND AUTHORITIES

On August 14, 2024, Mr. Martinez entered into a plea agreement with the Government, where he pleaded guilty to the Count 13 of the Indictment, Engaging in the Business of Dealing Firearms without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D).

As reflected in the presentence report ("PSR"), given Mr. Martinez's Criminal History Category I designation, the parties agreed to a guideline sentencing range of twelve to eighteen months of imprisonment, with Mr. Martinez's sentence not to exceed the low end of the applicable guideline range: twelve months. (PSR ¶ 2.) Importantly, the plea agreement provides Mr. Martinez with the opportunity to request a variance under 18 U.S.C. § 3553(a). Id. The PSR appropriately calculates Mr. Martinez's offense level computation and criminal history computation.

Mr. Martinez requests the Court the impose a sentence of probation. In so doing, he asks the Court to consider numerous factors, including his challenging circumstances, mental health challenges, exceptional performance while on supervision, remorse, and family support when arriving at an appropriate sentence.

I. **FACTUAL BACKGROUND**

Paragraphs 4-15 of the PSR contain the probation officer's summary of information she received from the Government involving Mr. Martinez and the general actions of individuals associated with the investigation and ultimately charged by the Government.

After his interview with agents, his eventual arrest, and appropriate reflection while on release, Mr. Martinez fully appreciates the wrongfulness of his actions as he lives with constant regret. He provided statements to the probation officer wherein he admitted involvement in the offense and expounded upon his remorse. He assumes full responsibility and is prepared for the consequences as a result of his actions and commission of his first felony criminal conviction.

II. **CONSIDERATION OF THE SENTENCING FACTORS UNDER 18 U.S.C. 3553(a) WARRANT A DOWNWARD VARIANCE**

In fashioning a sentence, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). However, because the Sentencing Guidelines are advisory, *see Kimbrough v. United States*, 552 U.S. 85 (2007), the Guidelines should not be the Court's sole consideration. *Gall*, 552 U.S. at 49. A district court must also consider the applicable 18 U.S.C. § 3553(a) factors to determine an appropriate sentence. *See id.* Pursuant to Section 3553(a), various factors for the Court to consider include, but are not limited to the nature and circumstances of the offense, and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1); see also § 3553(a)(2)-(7). There shall further be "no limitation" placed on the information concerning the background, character and conduct of [a defendant] which the court may receive and consider for the purpose of imposing and considering an appropriate sentence. See 18 U.S.C. § 3661. The sentencing court must ultimately impose a sentence "sufficient, but not greater than necessary to achieve the goals of sentencing." *Kimbrough*, at 101.

    a. **Mr. Martinez's Background and Characteristics, including Abandonment and Mental Health Challenges, are Substantially Mitigating and Warrant a Downward Variance.**

With regard to Mr. Martinez's life history, the PSR details his upbringing and various challenges confronted throughout his life. As noted in the report, Arnold ("AJ") grew up without his biological father as his father was consistently incarcerated in the Department of Corrections, where his father remains today after convictions for "endangerment, aggravated DUI, misconduct involving weapons, child abuse, narcotic drug violation, and fraud." (PSR ¶ 45.) While perhaps minimized by AJ through interviews, the void created by his father's lack of guidance undoubtedly impacted this young man. After his father's willful abandonment and while growing up with his

grandparents, AJ often acted out in his teenage years. His lack of direction led him to acquaint himself with others who participated in drug and alcohol use, where AJ first consumed narcotics at 14 years-old. (PSR ¶¶ 55, 60.) He eventually dropped out from school and lived a reckless lifestyle. He resorted to abusing substances, driving recklessly, and living in depressed and anxiety-stricken states for years to follow.

Undoubtedly impacted by his childhood and adolescence, Mr. Martinez unfortunately has expressed he possessed suicidal ideation on numerous occasions. (PSR ¶ 53.) Unable to maintain consistent employment, suffering from losses of family members, and discouraged by the lack of progress made in his life, Mr. Martinez committed this instant offense while living in a depressed, delicate state. Fortunately, AJ's mental state has improved after his arrest. He candidly expressed in his probation interview that but for his arrest, he "would likely still be drinking heavily and making poor choices". (PSR ¶ 18.) Indeed, challenges do remain. Yet Mr. Martinez pities himself no longer and is focused on progressing in his life notwithstanding his legal predicament. Mr. Martinez remains employed full-time as a painter and is hopeful to utilize his knowledge as a plumber and handyman to financially succeed in future years. Without making any excuses and fully refraining in the participation of any additional nefarious activity, he is a capable and productive member of society. Mr. Martinez does possess difficult circumstances that have been present throughout his entire existence. Such circumstances should duly be considered as the "history and characteristics" under 18 U.S.C. § 3553(a)(1) in the hopeful fashioning of a variance.

      **b. Mr. Martinez's Sustained Exemplary Pretrial Performance and Remorse Supports a Substantial Downward Variance.**

It remains readily apparent that Mr. Martinez performed in an exceptional manner while on supervision. Of important note, Mr. Martinez was an admitted daily marijuana user prior to his arrest. (PSR ¶ 57.) Without any medical intervention, Mr. Martinez impressively succeeded in

refraining from use of marijuana while on pretrial release—a feat that demonstrates Mr. Martinez's understanding that he must respect and abide by all rules imposed. He successfully resolved all outstanding lower court matters and has presented no issues to U.S. Pretrial Services throughout the pendency of this matter, effectively communicating and abiding by all conditions imposed. The threat of incarceration and the gravity of his case has been an appropriate deterrent for Mr. Martinez. Without any additional incidents with law enforcement, his maintaining of employment, and the cessation of smoking marijuana, Mr. Martinez does not serve a threat to society. Surely this most recent matter has profoundly impacted him.

Mr. Martinez supplements his actions and writes words reflective of his remorse in correspondence to the Court. The impressive correspondence details Mr. Martinez's sincere regret, acceptance of responsibility, and appreciation of the harm caused to society by his actions. In a sense thankful that his arrest resulted in the initiation of positive action, Mr. Martinez is hopeful that his previous actions will not impede on his path towards success. In addition to the receipt of his first felony conviction, he now confronts substantial incarceration and the inability to be present with his family in exchange for his desire to earn illegitimate income from the sale of weapons.

      **c. Mr. Martinez's Family Support and Family Reliance are Substantially Mitigating and Warrant a Downward Variance.**

Perhaps most importantly, Mr. Martinez retains the unwavering and impressive support of his family. All note Mr. Martinez's true disposition: he is one who is respectful, loving, a "teddy bear", and one who assists his family in whatever capacity he can. Apparent in their correspondence to the Court, numerous family members attest to the assistance this young man provides to family members who are in need.

Mr. Martinez's immediate family members, relatives, members of the community, and family friends all describe the qualities this young man possesses—qualities that are not stressed

upon in the PSR. Mr. Martinez is not the young, reckless, and emotionally unstable individual who broke the law to achieve short-term financial gain, but instead is found to be a beloved family member, friend, and member of his local community. Mr. Martinez's actions have nonetheless placed his life with others in jeopardy. However, the reliance of others and their unwavering support are further requested for consideration as "history and characteristics" under 18 U.S.C. § 3553(a)(1) in the hopeful fashioning of a variance and sentence of probation.

## CONCLUSION

Mr. Martinez accepts full responsibility for his actions and candidly voices and exhibits regret over his actions. However, given the challenging background information and circumstances regarding Mr. Martinez, it is respectfully requested the Court to grant a variance in this matter and sentence Mr. Martinez to a period of probation. Such a sentencing would prove to be sufficient but not greater than necessary pursuant to 18 U.S.C. § 3553(a).

RESPECFULLY SUBMITTED this 28th day of October, 2024

SPECTOR LAW PLLC

*/S/ Charles L. Spector*
Charles L. Spector, Esq.

Copy of the foregoing
was electronically delivered
this day to:

The Honorable Scott H. Rash
United States District Court Judge

Matthew Cassell, Esq.
Assistant United States Attorney
District of Arizona

Jaime Muse
Senior United States Probation Officer